UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ray Cline, Jr.,                                                          Case No.  3:24-cv-10

                    Plaintiff,

        v.                                                               MEMORANDUM OPINION
                                                                             AND ORDER

Enrique Mendez, *et al.*,

                    Defendants.

## I.      BACKGROUND

*Pro se* Plaintiff Ray Cline, Jr., an inmate currently incarcerated in the Richland Correctional

Institution, filed this civil rights action against Hardin County Sheriff's Deputy D. Tron, Kenton

Police Department Patrolman Enrique Mendez, and Kenton Police Sergeant Austin Carey.  (Doc.

No. 1).  Plaintiff claims that on May 13, 2023, Sergeant Carey, Patrolman Mendez, Deputy Tron, and

Hardin Memorial Hospital staff held Plaintiff down and forced him to give blood against his wishes

and without a warrant.  (Doc. No. 1).  He identifies two purported state court case numbers

(CRI20232094 and CRA2300210), and he claims that a judge ruled in Case No. CRA2300210 that

the blood draw was a warrantless search and suppressed evidence obtained from the blood draw.

(*Id.*).  According to Plaintiff, Defendants' actions in securing the blood draw caused additional

charges to be brought against him, namely the charge of harassment with bodily fluids.  Plaintiff

alleges this conduct violated his Fourth Amendment rights.  (*Id.*).  Plaintiff requests $5,000,000 in

damages.

## II. STANDARD

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. ANALYSIS

This case is barred by *res judicata*. The term "*res judicata*" literally means "a matter [already] judged." BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979);

*Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990). It bars relitigating every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

Plaintiff already litigated his Fourth Amendment challenge to the blood draw that occurred on May 13, 2023, in *Cline v. Kenton City Police Dept.*, Case No. 3:23-cv-02295 (N.D. Ohio). He brought that action against Deputy Tron, Patrolman Mendez, and Sergeant Carey, who are the same Defendants he names in this action. My colleague, United States District Judge James R. Knepp II, considered the merits of Plaintiff's claims and dismissed that case after concluding Plaintiff had not alleged a cognizable civil rights claim. (*See id.*, Doc. No. 11). The doctrine of *res judicata* bars him from litigating those same claims again.

## IV.    CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge


3